294 P.2d 270

ONTARIO WOOD PRODUCTS COMPANY, a corporation, Plaintiff-Cross-Defendant, Appellant,

v.

C. W. STOLTENBERG, Defendant-Cross-Complainant, Respondent.

No. 8309.

Supreme Court of Idaho.

Feb. 24, 1956.

Blandford & Blandford, Kimberly, Carver, McClenahan & Greenfield, Boise, for appellant.

Parry, Keenan, Robertson & Daly, Twin Falls, for respondent.

KEETON, Justice.

Appellant brought this action to recover an alleged balance claimed due of $23,152.-51 for lumber allegedly sold and delivered to respondent. By an amended answer and cross-complaint respondent alleged that the account sued on had been overpaid in the sum of $482.46, and prayed for judgment in that sum.

On and between May 5, 1949 and December 1, 1950, respondent hauled a quantity of green lumber for appellant from White Bird, Idaho, to Spalding, Idaho and Ontario, Oregon, for which he was to be paid by appellant per thousand feet hauled. Certain other hauling of the value of $373.46 was done by respondent, which is not here in dispute, nor is there any material dispute as to sums earned by respondent for lumber hauled to Spalding. The controversy involves the quantity of lumber hauled by respondent from White Bird to Ontario.

Appellant claimed that the amount of lumber hauled to Ontario and for which respondent was to receive credit is less than the amount claimed by respondent.

The parties waived trial by jury. On issues joined the court found that respondent had not been given credit by appellant for the actual quantity of lumber hauled and entered judgment against appellant for the amount claimed to be due in the cross-complaint. Appeal was taken from the judgment.

The lumber hauled by respondent from the mill at White Bird was taken from the green chain by appellant's employees or persons representing it, and stacked in piles in convenient units for loading. No scale of the lumber in the units was made, nor was the lumber scaled as it was removed from the green chain. Appellant's witness Nye testified that each unit contained from 2000 to 2500 ft. The lumber to be hauled to Ontario was loaded by appellant on respondent's trucks and trailers by a power lift and a ticket or tally made by representatives of appellant of the dimensions of the lumber and the number of layers or courses of each particular unit. These load tickets showed the dimensions except the length. Testimony proved that the length of the pieces was 90% 16 ft. and 10% 14 ft. These load tickets were made in triplicate, one being retained by appellant, one by respondent, and the third delivered to the Ontario office of appellant. A load usually consisted of eight units, sometimes six, depending on weather conditions.

After the lumber had been placed on respondent's truck and trailer thereto attached, it was transported, to Spalding, Idaho, or Ontario, Oregon. The lumber hauled to Ontario was unloaded by a power lift and left in piles near the green chain of a mill owned by appellant. From the place of unloading it was, with other lumber, placed on the green chain by appellant's employees and processed, trimmed and graded, and a part resawed, and report then made from the Ontario office to the White Bird office of the grade and scale of lumber after having been so processed.

From the reports made by the Ontario office after processing and grading appellant determined the quantity of lumber hauled and on such reports gave respondent credit. Appellant kept no segregated tabulation of each load hauled, and 32 load tickets produced by respondent of lumber hauled to Ontario do not appear on appellant's tabulation.

By the above method of computation of the quantity of lumber hauled appellant's tabulation shows the total feet of lumber hauled to Ontario is 7,566,211 ft. In so determining the total footage the load tickets showing dimensions and kind of lumber hauled were not segregated.

In a bill of particulars supporting respondent's contention he had a tabulation of the load tickets broken down into thousand feet hauled and when so measured the total lumber hauled to Ontario from White Bird totaled 10,327,159 ft. which total footage included 117,000 ft. of dogboard lumber for the hauling of which respondent received no load tickets. Additionally,

respondent hauled 120 loads of lumber from White Bird to Spalding for which he received no load tickets.

The court found that pursuant to the contract for hauling respondent actually hauled more lumber and earned more than shown by his bill of particulars, but did not enter judgment for such excess, and limited the recovery in favor of respondent to the amount claimed and shown in respondent's itemized statement of the account.

The breakdown of amounts earned as claimed by respondent is as follows:

| | | | |
|---|---|---|---|
| 9 loads dogboard hauled from White Bird to Ontario | 117,000 ft. | Amt. earned | $ 994.50 |
| 120 loads of lumber hauled from White Bird to Spalding, for which no tickets were received | 1,080,000 ft. | " " | 6,242.24 |
| Lumber hauled from White Bird to Ontario | 3,531,181 ft. | " " | 30,015.04 |
| Lumber hauled from White Bird to Ontario | 6,678,970 ft. | " " | 60,110.80 |
| Miscellaneous and other hauling admitted to be a proper credit | | | 373.46 |
| Total sum earned | | | $97,736.04 |

Respondent admitted having been paid in cash and lumber the sum of $97,253.58, and claimed a balance unpaid of $482.46. Judgment was entered in his favor for said sum.

The court found that respondent by the contract of employment was to be paid for all the rough green lumber actually hauled and his right to compensation was not dependent upon the grade or specie, nor whether it was usable or not, and that the tally made after the lumber had been processed at Ontario was not an accurate total of the lumber actually hauled, and that the load tickets furnished respondent at the point of loading showing the number of courses or layers were the only records produced of the amount and type of lumber actually hauled; also found that the loads of lumber hauled from White Bird to Ontario contained an average of seven units per load. By this method the court concluded that the average load was 14,000 ft. and found that the total hauled to On-

tario for which load tickets were given is 10,948,000 ft.

In assignments of error appellant challenges the finding that no load tickets were given for the dogboard lumber hauled or the lumber hauled to Spalding, contending that one such load ticket was given for a load hauled to Spalding. There was no material dispute about the quantity of lumber hauled to Spalding or the amount earned for such hauling, and respondent's witness testified that the load ticket about which appellant complains described lumber actually hauled to Ontario.

Appellant challenges the finding that no records of the lumber hauled to Ontario showing the scale were kept, contending that the record after the lumber had been processed at Ontario was an accurate record of the lumber hauled. Such is not the case. The records produced by appellant, if they can be called such, are simply a method of bookkeeping for accounting between the Ontario and White Bird offices, and in no wise binding upon respondent.

Appellant further contends that the estimates of the lumber hauled to Ontario as found by the court are in conflict with the actual records of appellant. The lumber hauled was not scaled when loaded or unloaded, and no unit identity was kept by appellant, and appellant did not produce any record or tabulation showing the actual quantity of lumber hauled.

Appellant challenges the finding that it was appellant's primary duty to keep records, contending that it was as much the duty of respondent to keep records as appellant. Suffice to say, no accurate scale records were kept by either.

Appellant further contends that the burden of proof to sustain the allegations of the cross-complaint rested on respondent and that the evidence to sustain such burden is insufficient.

Respondent produced a tabulation of the original load tickets and a computation of the total scale on each load hauled. Appellant does not point out any error in any load ticket so tabulated. We have made a check of a number of the load tickets to determine the scale arrived at by respondent's witness and find little or no variation of the amount of the scale so computed by the witness and our computation.

From an examination of appellant's bill of particulars we have found no load or loads computed by appellant that correctly reflect the actual quantity of lumber hauled as shown by the load tickets.

Appellant further contends that the 32 loads of lumber not appearing on its tabulation of the lumber hauled to Ontario actually went to Spalding. The load tickets themselves show that the loads in question were hauled to Ontario. The contention is without merit.

Various statements of the quantity of lumber hauled computed from the Ontario

448

report were from time to time tabulated by appellant and handed to respondent. There is no showing that such statements of credit were intended to be a final settlement, nor is it contended that there was an account stated. Respondent at no time assented or consented to the correctness of such statements so allegedly furnished him by appellant.

■ Appellant complains of the court's finding that there was more lumber hauled than respondent claimed. No judgment was entered for this excess so found and there being no judgment entered for such excess, appellant is not in a position to complain. The error, if any, favors appellant.

■■ Basically the case presents a disputed question of fact, namely, the quantity of lumber hauled by respondent to Ontario. The findings of the court were based on competent, substantial, and in our opinion, the weight of evidence. Such being the case, the determination of the matter is disposed of by the well known rule that where there is evidence to support the findings of the trier of the facts, such findings will not be disturbed on appeal even though the evidence be conflicting. Smith v. Cooper, 73 Idaho 99, Syl. 10, 245 P.2d 816; Section 13–219, I.C. We find no error. The judgment is affirmed. Costs to respondent.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.